IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                      No. 08-40036-01-SAC

JERMAINE T. BROWN,

    Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant Jermaine T. Brown's *pro* se "request authorization to file delayed notice of appeal" that was filed May 31, 2013. (Dk 37). At the close of the final revocation evidentiary hearing on January 23, 2013, the court found the defendant had violated the conditions of supervised released and revoked the same. The court also sentenced the defendant to 21 months' custody with 24 months' of supervised release to follow. Judgment in this criminal case was entered on January 28, 2013, and the defendant did not file a notice of appeal within the next 14 days. Fed. R. App. P. 4(b)(1)(A)(i).

The defendant requests leave to file an untimely notice of appeal, because his appointed counsel did not file a notice of appeal as he requested at the time of the revocation hearing. The district court may extend the time limit for filing a notice of appeal only up to 44 days from the date of the entry of the judgment being appealed. Fed. R. App. P. 4(b)(4).

The defendant did not file his request for extension of time within the 44 days from the entry of the judgment on January 28, 2013. Consequently, the court denies the defendant's request. *See United States v. Trotter*, 379 Fed. Appx. 735, 737 (10th Cir.), *cert. denied*, 131 S. Ct. 440 (2010).

The court presently has no reason to recharacterize the defendant's request as a § 2255 motion. There is no risk at this time that the defendant will be unable to file a timely § 2255 motion in the district court. Before recharacterizing the defendant's pro se filing as a § 2255 motion, the court would be required to give notice and warning of the potential negative consequences (related to second and successive § 2255 motions) with recharacterization and to give the defendant the chance to withdraw the filing so as to preserve his ability to pursue a later § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 381–83 (2003). Under these circumstances, the court will not recharacterize and, thus, avoids prejudicing the defendant's ability to pursue future § 2255 relief.

IT IS THEREFORE ORDERED that the defendant's request for authorization to file delayed notice of appeal (Dk 37) is denied.

Dated this 5th day of June, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge